| Jennie Gasbarro | |
|---|---|
| vs. | W. C. A. Pet. |
| Atlantic Mills of | No. 1568. |
| Rhode Island | |

March 10, 1934.

BAKER, P. J. Petition under Workmen's Compensation Act heard on appeal of petitioner.

This is a petition brought by a widow to recover compensation for the death of her husband.

The date of the accident or injury as alleged in the petition is August 28, 1933. The most important question in the case is whether or not an accident actually happened to the deceased on that date.

The evidence discloses that he had worked for the respondent company in the dye-house for a considerable period of time. On August 28th, 1933, while he was performing his duties in connection with a dye kettle, according to the testimony, he suffered severe pains in his side, became dizzy and fell to the floor. He was thereafter taken to the hospital and on August 30th was operated on for hernia. He was making a satisfactory recovery from this operation when, on September 9th, he died from the effects of an embolism. No autopsy was performed and the testimony of the physicians in the case, taken with the hospital record, raises some doubt as to whether the embolism was pulmonary or coronary.

The respondent argues that in the absence of an autopsy the testimony does not show with sufficient definiteness that the embolism had any connection with the operation. To a certain extent this is true and, of course, it is possible that the embolism may have been due to some other cause. However, on all the testimony presented, it does not seem to the Court an unwarrantable deduction that there was a causal connection between the operation and the embolism.

The respondent urges very strongly that the evidence does not disclose the happening of any accident on August 28th.

After careful consideration of all the testimony, the Court has come to the conclusion that the respondent is correct in this contention. In this matter, of course the burden of proof is on the petitioner. The Court in this State has discussed at some length and defined what is meant by accident as used in the Workmen's Compensation Act.

*Walsh* vs. *River Spinning Co.*, 41 R. I. 490.

In the case now before the Court the great weight of the testimony discloses that the petitioner's husband was merely proceeding about his usual occupation in connection with the dye kettles. The only evidence of any kind which would tend to show an unusual happening or event was given by the petitioner's attorney, who testified as to certain statements made to him by a witness named Roberts. These statements related to the pushing of a heavy truck or box loaded with cloth and were denied by the witness Roberts. The latter spoke the English language very brokenly and it would not be at all difficult for one to misunderstand or be misled by what he said.

The evidence reveals beyond dispute that the petitioner's husband suffered an injury to his side, undoubtedly causing the hernia in question, in 1931. His wife and other witnesses placed the time as in the month of July. The respondent's physician, who examined the deceased on February 17, 1932, testified that the deceased said it was in April or May, 1931 that he suffered the injury. This accident in 1931 happened while the petitioner's husband was working on the extractor. He asked to be relieved from this work and he was given work of a lighter nature thereafter. For this injury he made no claim of any kind for compensation and continued to work regularly whenever the mill ran, up until August 28, 1933. He complained from time to time to his wife, and possibly others, about the pain in his side and he was advised to have the matter attended to, and the respondent's physician, in February 1932, suggested an operation at that time but nothing was done about the matter. It seems quite clear from the evidence in the case that whatever accident there was happened in 1931, not later than the month of July.

This conclusion is further borne out by the testimony of the respondent's doctor, who said that when he examined the deceased in February 1932, the hernia was not new or fresh and also by the hospital record, which shows that at the time of the operation there were certain adhesions, which would indicate that the hernia had been in existence for some little time and had not occurred just a few days before.

It is obvious that this petition cannot apply to the accident which happened in 1931, first, because that date is not alleged therein, and, secondly, because the present petition is brought too late to refer to that happening.

*Dunn* vs. *United Lace & Braid Mfg. Co.*, 164 Atl. 329.

The petitioner argues, first, that under the provisions of the Compensation Act in a case such as this, she may bring the petition within one year of the time of the injured man's death, and because of the claim that the illness in August 1933 was connected by a chain of circumstances with the accident of 1931, she may rely on the original accident followed by the subsequent sickness. The Court is of the opinion that this claim cannot successfully be maintained and that the provisions of the Act cannot be so construed.

The petitioner also claims that, while granting the testimony discloses

an accident in 1931, there was an aggravation or acceleration in August 1933 of an existing condition, so that it can be considered that there was an accident on said last named date.

In the opinion of the Court there is no direct evidence which shows any unusual happening or event which could properly be considered as an aggravation of the old injury. Apparently on August 28, 1933, the petitioner's husband was proceeding about his work in the usual and ordinary manner when he was suddenly overcome by a hernia which had then existed for upwards of two years.

Petitioner also contends that this case is somewhat similar to the cases in which an employee, at the time of his employment, is suffering from a certain type of physical weakness which later, by some accident or happening, develops into an injury. In the judgment of the Court, the case at bar is not a case of this type. Petitioner's husband was apparently perfectly well until he had the accident in 1931. After that he continued to work until August 1933, when his condition became such that he had to go to a hospital.

On all the evidence in the case, the Court is of the opinion that the only accident was that which occurred in 1931 and that the testimony does not disclose the happening of any accident on August 28, 1933.

The petitioner's appeal is denied and the petition is dismissed.

For petitioner: Alfred D'Amario.

For respondent: Clifford A. Kingsley.